UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KELVIN DAISE,

                Plaintiff,

v.                                Case No: 6:20-cv-1754-WWB-EJK

BRITISH CONSULATE GENERAL
MIAMI CROWN PROSECUTION
SERVICES FOR FOREIGN
COMMONWEALTH OFFICE,

                Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion to Dismiss for Insufficient Service of Process (the "Motion"), filed October 29, 2021. (Doc. 21.) Plaintiff has not filed a response in opposition, and the time to do so has passed. Thus, the Motion is construed as unopposed. Upon consideration, I respectfully recommend that the Motion be granted.

## I.     BACKGROUND

Plaintiff, proceeding *pro se*, instituted this action against Defendant on October 8, 2020, alleging breach of contract; discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; violation of due process; and intentional infliction of emotional distress. (*See* Doc. 1.) Plaintiff has since filed three motions for default judgment (Docs. 9, 17, 19), all of which have been denied without prejudice or denied as moot. (Docs. 10, 20.) In the undersigned's last Order,

the Court granted Plaintiff leave to file a renewed motion for entry of clerk's default on or before September 30, 2021. (Doc. 20 at 2.) The undersigned warned Plaintiff that "failure to comply with this order may result in adverse consequences, including the dismissal of this action." (*Id.*) (emphasis in original). Plaintiff did not file a renewed motion for clerk's default.

Defendant has now entered an appearance and moved to dismiss, arguing that Plaintiff's service of process is insufficient because he has not served Defendant pursuant to one of the methods permitted under 28 U.S.C. § 1608. (Doc. 21.) Defendant also argues that Plaintiff's Complaint should be dismissed based on Plaintiff's failure to comply with the Court's Order (Doc. 20). (*Id.* at 4.)

## II.    STANDARD

Federal Rule of Civil Procedure 12(b)(5) governs motions to dismiss for insufficient service of process. The plaintiff bears the burden of establishing effective service of process. *See Zamperla, Inc. v. S.B.F. S.R.L*, No. 6:13-cv-1811-Orl-37KRS, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "Initially the defendant has the burden of challenging the sufficiency of service and must describe with specificity how the service of process failed to meet the procedural requirements of Fed. R. Civ. P. 4. Once the defendant carries that burden, then the burden shifts to the plaintiff to prove a *prima facie* case of proper service of process." *Fru Veg Mktg. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175,

1182 (S.D. Fla. 2012) (internal citations omitted). "If the plaintiff can establish that service was proper then the burden shifts back to the defendant to 'bring strong and convincing evidence of insufficient process.'" *Id.* In assessing whether service of process has been effectuated pursuant to Rule 4, "[t]he Court may look to affidavits, depositions, and oral testimony to resolve disputed questions on fact." *Id.*

"A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). And, although courts are to give liberal construction to the pleadings of *pro se* litigants, courts "nevertheless have required them to conform to procedural rules." *Id.* (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

## III.   DISCUSSION

### A. Plaintiff's Failure to Prosecute

Defendant first argues that Plaintiff's Complaint should be dismissed for failure to comply with the Court's Order (Doc. 20). (Doc. 21 at 4.) The undersigned agrees. On September 10, 2021, the undersigned denied Plaintiff's [Second Renewed] Motion for Default Judgment without prejudice for failure to establish that he served Defendant in accordance with 28 U.S.C. § 1608. (Doc. 20 at 2.) The undersigned noted that Plaintiff, a law school graduate, would be granted one final opportunity to cure the defects highlighted by the Court. (*Id.*) As discussed above, the undersigned also warned Plaintiff that failure to file a renewed motion for entry of clerk's default by September 30, 2021, could result in the dismissal of the action. (*Id.*) Despite the Court's

warning, Plaintiff failed to file a renewed motion.

Federal Rule of Civil Procedure 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court has repeatedly warned Plaintiff that dismissal was a potential consequence of the failure to prosecute. (*See* Docs. 10, 13, 16, and 20.) As Defendant argues, ample time has passed, yet Plaintiff has failed to comply with the Court's Order or request additional time to do so. Given these circumstances, I respectfully recommend the Court dismiss Plaintiff's Complaint for failure to prosecute this action. *See Strickland v. Reynolds*, No. 2:19-cv-617-FtM-38MRM, 2020 WL 736004, at *1 (M.D. Fla. Feb. 13, 2020) (dismissing complaint where plaintiff failed to comply with the Court's order requiring filing of an amended complaint and renewed motion to proceed *in forma pauperis*); *Fisher v. Canalli's Pizza*, No. 3:07-cv-1084-J-33HTS, 2008 WL 489895, at *1 (M.D. Fla. Feb. 20, 2008) (dismissing case for failure to prosecute upon plaintiff's failure to respond to the Court's orders).

## B. Insufficient Service of Process

Defendant also argues that Plaintiff's Complaint should be dismissed because the service of process was insufficient. The Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. § 1608, governs service of process on a foreign state, including a political subdivision, agency, or instrumentality thereof. *See* Fed. R. Civ. P. 4(j)(1) ("A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608."). Section 1608(a) governs service of process on "a

foreign state or political subdivision of a foreign state," 28 U.S.C. § 1608(a), while section 1608(b) governs service on "an agency or instrumentality of a foreign state," *id.* § 1608(b).

Defendant argues that the British Consulate General in Miami is a "foreign state or political subdivision" under the FSIA rather than an "agency or instrumentality," and thus Plaintiff must effectuate service as set forth under 28 U.S.C. § 1608(a). (Doc. 21 at 7–8.) Plaintiff has failed to respond or demonstrate otherwise. Upon review, the undersigned accepts Defendant's argument. *See Nwoke v. Consulate of Nigeria*, 729 F. App'x 478, 479 (7th Cir. 2018) (noting plaintiff "failed to effectuate proper service under 28 U.S.C. § 1608(a)" and that the "suit against the Consulate is an action against a 'foreign state.'"); *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1517 (9th Cir. 1987) (finding that the Mexican Consulate "falls within the definition of a foreign state because it is 'a separate legal person' that is 'an organ of a foreign state or political subdivision thereof'"); *Thomason et al v. Commerzbank AG et al.*, No. 8:05-cv-1574-T-27TBM, Doc. 60 (M.D. Fla. May 23, 2006) (accepting the defendant's argument that consular office should be considered part of a foreign state or synonymous with a foreign state).

Section § 1608(a) states:

(a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

Foreign governments and their political subdivisions must be served in strict compliance with the provisions of the FSIA; anything less will not suffice under the law. *See Box v. Dallas Mexican Consulate Gen.*, 487 F. App'x 880, 886 (5th Cir. 2012) (citing *Magness v. Russian Fed'n*, 247 F.3d 609, 615 (5th Cir. 2001)). Plaintiff alleges he served process on the British Consulate General Miami by certified mail. (*See* Doc. 11.) Defendant asserts that there was no "special arrangement for service between Plaintiff and Defendant," nor did Plaintiff deliver a copy of the summons and complaint in "accordance with an applicable international convention." (Doc. 21 at 9.) Plaintiff does not argue otherwise; thus, service was not satisfied under 28 U.S.C. § 1608(a)(1)–(2), and the undersigned respectfully recommends the Court grant the Motion to Dismiss.

## IV.   RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that:

1. Defendant's Motion to Dismiss (Doc. 21) be **GRANTED**;

2. The Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**; and

3. The Clerk of Court be **DIRECTED** to close the case.

### <u>NOTICE TO PARTIES</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 21, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE